```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FRANCIS J. PARADISE, JR.,  | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | CIVIL NO. 10-2446 (JBS) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | **OPINION** |
| Defendant. | |

APPEARANCES:

Philip Wolf, Esq.
WOLF & BROWN, LLC
228 Kings Highway East
Haddonfield, NJ 08033
    Attorney for Plaintiff

Paul J. Fishman
UNITED STATES ATTORNEY
    By: John M. Kelly
        Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
26 Federal Plaza, Suite 3904
New York, NY 10278
    Attorney for Defendant

**SIMANDLE**, District Judge:

**I.  INTRODUCTION**

    This matter comes before the Court pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff Francis J. Paradise, Jr.'s application for Disability Insurance Benefits and

Supplemental Security Income under Title II and Title XVI of the Social Security Act.

At issue in this case is whether the Administrative Law Judge properly rejected the findings of one of Plaintiff's treating physicians regarding the effect and severity of Plaintiff's kidney stones.  As explained below, the Court finds that the ALJ did not determine with sufficient specificity the frequency of Plaintiff's kidney stones, nor did the ALJ determine how frequent the stones could be before Plaintiff would be considered disabled.  The Court will therefore vacate and remand this case.

**II.   BACKGROUND**

Plaintiff, Francis J. Paradise, Jr., is a 44-year-old high school graduate who worked as a carpet cleaner from 1997 to 2001. R. 32, 126-127.  He has not worked at all since February 12, 2006.  R. 34.  He seeks Disability Insurance Benefits and Supplemental Security Income because he claims to be unable to work, primarily because of pain from recurring kidney stones, coupled with lower back pain and loss of hearing.

In order to be eligible for Supplemental Security Income, an individual must demonstrate that he or she is unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which has lasted, or

can be expected to last, for a continuous period of at least twelve months.  42 U.S.C. § 1382c(a)(3)(A).  A disabling physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).  An individual will be determined to be under a disability only if his impairment is of such severity that he is not only unable to do his previous work, but also cannot, given his age, education, and work experience, engage in any other kind of substantial gainful work.  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated regulations for determining whether a claimant has a disability.  20 C.F.R. § 416.920.[1]  It is the claimant's burden to show that he or she is severely impaired, and either that the severe impairment meets or equals a listed impairment and lasts for the requisite duration, or that it prevents the claimant from performing the claimant's past

---

[1] The regulations require application of a five-step sequential analysis.  Step one is whether the claimant is not working and otherwise meets the requirements for Social Security aid.  Step two is whether the claimant suffers from a severe impairment.  Step three is whether the severe impairment meets or equals a listed impairment and has lasted or is expected to last for a continuous period of at least twelve months.  Step four is whether the claimant is still able to perform work done in the past despite the severe impairment.  And step five involves an assessment of the claimant's ability to perform work, age, education, and past work experience to determine whether or not the claimant is capable of performing other work which exists in the national economy.  20 C.F.R. § 404.1520(b)-(f).

work.  Wallace v. Secretary of Health and Human Services, 722 F.2d 1150, 1153 (3d Cir. 1983).  If the claimant meets those burdens by a preponderance of the evidence, the Commissioner bears the burden of proving that work is available for the claimant.  Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987).  Ultimately, entitlement to benefits is dependent upon finding the claimant is incapable of performing work in the national economy.

Paradise filed an application for insurance and supplemental income benefits on June 29, 2006, alleging a disability as of February 12, 2006.  R. 11.  The applications were denied initially on November 20, 2006, and again on reconsideration on August 1, 2007.  R. 11.  Plaintiff filed a request for a hearing before an ALJ on October 31, 2007.  R. 11.

A hearing was held on April 22, 2009.  R. 11.  The ALJ found that Paradise was eligible for benefits, and had three severe impairments: recurrent kidney stones, lower back pain, and sensorineural hearing loss.  R. 13.  However, the ALJ concluded that none of the three impairments meets or equals a listed impairment, and that Paradise has sufficient residual functional capacity to perform his former job as carpet cleaner.

In particular, the ALJ acknowledged that multiple treating physicians had diagnosed Plaintiff with recurring kidney stones, causing severe pain.  R. 15.  However, the ALJ rejected Paradise's treating physician's finding that Plaintiff was

4

disabled because that finding was "inconsistent with the overall clinical findings and diagnostic studies," based on the fact that the kidney stones were only "intermittent."  R. 16.  The ALJ instead relied on the assessment of Dr. Ken Klausman, a consulting physician who examined Plaintiff once in April 2009, and who opined that when not afflicted by kidney stones Plaintiff was physically capable of performing ordinary tasks.  R. 16; Ex. 32F.  The ALJ therefore found, "The claimant's past relevant medium work as a carpet cleaner did not require the performance of work-related activities precluded by the above limitations."  R. 17.

Plaintiff sought review of this decision by Appeals Council and was denied.  Plaintiff then filed the present action.

### III. DISCUSSION

#### A.   Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny benefits.  See Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual findings where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).  Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting

Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

To facilitate this Court's review, the ALJ must set out a specific factual basis for each finding. Baerga v. Richardson, 500 F.2d 309 (3d Cir. 1974), cert. denied, 420 U.S. 931 (1975). Additionally, the ALJ "must adequately explain in the record [the] reasons for rejecting or discrediting competent evidence," Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987).

**B. Analysis**

Plaintiff maintains that the ALJ's finding that Plaintiff was not impaired by his kidney stones to a degree that would prevent his return to work as a carpet cleaner was not supported by substantial evidence. As explained below, the Court agrees.

Plaintiff's treating physician, Dr. Lundy, opined that Plaintiff is unable to work because of constant pain from kidney stones. The opinion of a treating physician is to be given substantial weight unless it is inconsistent with other substantial evidence. Fargnoli v. Apfel, 247 F.3d 34, 43 (3d Cir. 2001); 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). Defendant contends that the ALJ properly disregarded Dr. Lundy's opinion because some of the doctors examining Plaintiff

6

characterized his kidney stones as "intermittent" or "periodic." R. 16.

It is undisputed that when Plaintiff has a kidney stone episode, he is rendered incapacitated by the pain; both of Plaintiff's treating physicians testified as much, R. 367, 370, and no evidence in the record contradicts this fact. In rejecting Dr. Lundy's opinion about the disabling nature of Plaintiff's condition, the ALJ implicitly found that Plaintiff's kidney stone problems were so infrequent as to pose no obstacle to his regular employment. But the ALJ made insufficient findings about both of the critical premises in this argument: the frequency of the kidney stone episodes, and how frequent those episodes could be before it was considered a disability.

The ALJ's only relevant finding was the vague characterization of the kidney stones as intermittent. This ambiguous finding as to frequency, and the lack of any finding as to how frequent was too frequent, prevent this Court from being able to conclude that the ALJ's final determination was based on substantial evidence, especially because at least some evidence in the record suggests that Plaintiff passed kidney stones as frequently as one to two stones per week for a period of eight years. R. 361, 374. Moreover, the ALJ failed to make any findings as to how often Plaintiff could experience kidney stone flareups and still maintain his job. Both findings are critical

7

to support the ALJ's determination that Plaintiff's kidney stones are not disabling.

Because the ALJ did not make sufficiently specific factual findings as to the frequency of Plaintiff's kidney stones, nor did the ALJ determine how frequent the kidney stones could be before they constitutes a disability, the Court will vacate the ALJ's determination and remand the case for further fact-finding consistent with this opinion.  In addition to determining the above matters, the ALJ should also consider the existence of any side effects from Plaintiff's pain medications, the frequency of those side effects, and how they might affect his residual functional capacity.

## IV.  CONCLUSION

For the reasons stated above, this Court will vacate the Commissioner's decision and remand the case for further consideration by the Administration in light of this decision.  The Court expresses no views as to the ultimate outcome.  The accompanying Order will be entered.


**August 31, 2011**         **s/ Jerome B. Simandle**
Date        JEROME B. SIMANDLE
       United States District Judge